**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

**2024 MSPB 16**

Docket No. AT-0714-23-0137-I-1

**Eric Terrell Bryant,**

**Appellant,**

v.

**Department of Veterans Affairs,**

**Agency.**

November 18, 2024

Michael Fallings, Esquire, Austin, Texas, for the appellant.

Mary Sellers, Esquire, Montgomery, Alabama, for the agency.

Joy Warner, Esquire, Decatur, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**OPINION AND ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which affirmed his removal under 38 U.S.C. § 714. For the reasons discussed below, we GRANT the petition for review, REVERSE the initial decision, and DO NOT SUSTAIN the appellant's removal.

BACKGROUND

¶2 The appellant was employed as a Police Officer with the Veterans Health Care System in Tuskegee, Alabama. *Bryant v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0709-I-1, Initial Appeal File (0709-I-1 IAF),

Tab 5 at 59. On June 19, 2020, the agency proposed the appellant's removal pursuant to the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (DVA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat. 862, 869-73 (codified as amended at 38 U.S.C. § 714), based on the charge of conduct unbecoming a Federal employee. 0709-I-1 IAF, Tab 5 at 47-50. In the proposal notice, the agency alleged that the appellant acted improperly towards officers of a local police department when they attempted to serve the appellant with a temporary protective order. *Id.* The appellant replied to the proposal notice in writing and included with his reply a *Douglas*[1] factors analysis supporting a penalty less than removal. *Id.* at 29-32. On July 9, 2020, the deciding official issued a decision finding that the charge as set forth in the proposal notice was supported by substantial evidence and imposing the appellant's removal effective July 17, 2020. *Id.* at 14, 20-23. Neither the proposal notice nor the decision notice included a *Douglas* factors analysis, nor

---

[1] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions. Those factors include: (1) the nature and seriousness of the offense and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated; (2) the employee's job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position; (3) the employee's past disciplinary record; (4) the employee's past work record, including length of service, performance on the job, ability to get along with fellow workers, and dependability; (5) the effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon supervisors' confidence in the employee's ability to perform assigned duties; (6) consistency of the penalty with those imposed upon other employees for the same or similar offenses; (7) consistency of the penalty with any applicable agency table of penalties; (8) the notoriety of the offense or its impact upon the reputation of the agency; (9) the clarity with which the employee was on notice of any rules that were violated in committing the offense or had been warned about the conduct in question; (10) potential for the employee's rehabilitation; (11) mitigating circumstances surrounding the offense, such as unusual job tensions, personality problems, mental impairment, harassment, or bad faith, malice or provocation on the part of others involved in the matter; and (12) the adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others.

was there any evidence that the proposing or the deciding officials otherwise engaged in one. *Id.*

¶3 The appellant filed an appeal with the Board challenging his removal and raising the affirmative defenses of reprisal for union activity and whistleblower reprisal. 0709-I-1 IAF, Tab 1, Tab 22 at 2-4. After holding a hearing, an administrative judge issued a January 22, 2021 initial decision sustaining the charge and finding that the appellant failed to prove his affirmative defenses. 0709-I-1 IAF, Tab 25 at 2-11. Regarding the penalty of removal, the administrative judge found that, pursuant to 38 U.S.C. § 714(d)(2)(B), the Board lacked the authority to mitigate the penalty selected by the agency and that the agency proved by substantial evidence that the appellant's misconduct warranted removal. *Id.* at 11. In making this finding, the administrative judge did not address the *Douglas* factors.

¶4 After that initial decision became final because neither party filed a petition for review with the Board, the appellant sought judicial review before the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). While that matter was pending before the Federal Circuit, that court decided *Rodriguez v. Department of Veterans Affairs*, wherein it found that the agency erred when it applied the substantial evidence burden of proof, instead of preponderant evidence, to its internal review of a disciplinary action taken under 38 U.S.C. § 714. *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1296-1301 (Fed. Cir. 2021). The same day it decided *Rodriguez*, the Federal Circuit also decided *Connor v. Department of Veterans Affairs*, wherein it found that "§ 714 precludes the Board only from *mitigating* the agency's chosen penalty. It does not alter the penalty review with respect to the *Douglas* factors." *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1326 (Fed. Cir. 2021) (citation omitted) (emphasis in original).

¶5 On February 24, 2022, the Federal Circuit issued a precedential decision regarding the appellant's removal and applied *Rodriguez* and *Connor*. *Bryant v.*

*Department of Veterans Affairs*, 26 F.4th 1344, 1347-48 (Fed. Cir. 2022). In its decision in *Bryant*, the court found that the deciding official applied the incorrect standard in sustaining the charged misconduct and that the deciding official and the Board failed to apply the *Douglas* factors to the penalty analysis. *Id.* Accordingly, the court vacated the administrative judge's findings regarding the removal action and remanded the appeal to the Board for further proceedings.[2] *Id.* at 1348.

¶6     The Board then remanded the appeal to the Atlanta Regional Office for further adjudication by the administrative judge consistent with the Federal Circuit's decision. *Bryant v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0709-M-1, Appeal File, Tab 3. The administrative judge issued an initial decision remanding the matter to the agency for the deciding official to determine "whether the evidence as to the charge against the appellant satisfies the requisite preponderance-of-the-evidence standard of proof . . . and for the application of the *Douglas* factors as provided in *Connor*." *Bryant v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0709-M-1, Initial Decision at 4 (Nov. 7, 2022). Thereafter, on December 16, 2022, the deciding official issued a new decision on the June 19, 2020 proposed removal, finding that the charge was supported by preponderant evidence and including an analysis of the *Douglas* factors supporting the penalty of removal. *Bryant v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-23-0137-I-1, Initial Appeal File (0137 IAF), Tab 9 at 15-18, 20-27. The appellant's removal remained effective in July 2020.[3] *Id.* at 15, 29.

---

[2] The Federal Circuit affirmed the administrative judge's findings regarding the appellant's affirmative defense of whistleblower reprisal. *Bryant*, 26 F.4th at 1348.

[3] The July 2020 decision notice stated that the appellant's removal was effective July 17, 2020. 0709-I-1 IAF, Tab 5 at 20. The December 16, 2022 removal decision stated that the appellant's removal was effective July 20, 2020. 0137 IAF, Tab 9 at 15. We have not located any evidence in the record showing that the original date was changed, and it appears that the July 20, 2020 date in the 2022 decision was a typographical error.

¶7    The appellant filed an appeal of the new removal decision with the Board. 0137 IAF, Tab 1. He argued that the agency failed to establish by preponderant evidence that he engaged in conduct unbecoming a police officer or that a nexus exists between the alleged misconduct and the efficiency of the service. *Id.* at 16. He also asserted that the agency failed to properly balance the *Douglas* factors. *Id.* Finally, he contended that the agency violated his constitutional due process rights in the new removal decision. *Id.*

¶8    After holding the appellant's requested hearing on the new removal decision, the administrative judge issued an initial decision affirming the removal action. 0137 IAF, Tab 24, Initial Decision (ID). She found that the deciding official properly considered the evidence as required under *Rodriguez* and the applicable *Douglas* factors as required under *Connor*. ID at 3-7. Regarding the agency's burden of proof before the Board, she adopted all the findings regarding the charge as set forth in the January 22, 2021 initial decision and again found that the agency proved the misconduct before the Board by substantial evidence. ID at 4. The initial decision did not address the appellant's due process argument.[4]

¶9    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 3. The agency has responded to the petition for review, and the appellant has replied to the response. PFR File, Tabs 6-7.

ANALYSIS

The agency was the proper authority to reconsider the removal decision in the first instance.

¶10    The Board's remanding of the matter to the agency is consistent with the approach articulated by the Federal Circuit in similar cases. In *Connor*, for example, the court explained that, absent mitigation authority, if the Board determines that the agency failed to consider the *Douglas* factors or if the

---

[4] None of the agency's filings below addressed the appellant's due process arguments. 0137 IAF, Tabs 9, 18.

agency's penalty is unreasonable, the Board must remand to the agency for a redetermination of the penalty. *Connor*, 8 F.4th at 1326. Similarly, in *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1325 (Fed. Cir. 2021), the court explained that, because the Board cannot mitigate or independently set penalties in actions taken under section 714, if the Board concludes that the agency's penalty determination is not supported by substantial evidence, then the Board should remand to the agency for further proceedings.

<u>The agency violated the appellant's due process rights when it failed to provide him with notice and an opportunity to respond to all of the aggravating factors considered by the deciding official in determining the penalty.</u>

¶11      In his petition for review, the appellant reiterates his argument from below that the agency violated his due process rights when he was not afforded an opportunity to respond to the new proposed removal in light of the different burden of proof before the agency and the requirement that the agency consider the *Douglas* factors. PFR File, Tab 3 at 12-13. It is well settled that a tenured Federal employee, such as the appellant, has a property interest in continued employment, and the Government cannot deprive him of that interest without due process. *Wilson v. Department of Homeland Security*, 120 M.S.P.R. 686, ¶ 7 (2014), *aff'd*, 595 F. App'x 995 (Fed. Cir. 2015); *Johnson v. Department of the Navy*, 62 M.S.P.R. 487, 490 (1994); *see Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538 (1985); *Dieter v. Department of Veterans Affairs*, 2022 MSPB 32, ¶ 11 n.7. The essential requirements of due process are prior notice of the charges against the employee and a meaningful opportunity to respond to those charges. *Loudermill*, 470 U.S. at 546. As the Supreme Court explained, the need for a meaningful opportunity for the employee to present his side of the story is important for two reasons. First, an adverse action will often involve factual disputes, and consideration of the employee's response may clarify such disputes. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999) (citing *Loudermill*, 470 U.S. at 543). Second,

"[e]ven where the facts are clear, the appropriateness or necessity of the discharge may not be." *Id.* (quoting *Loudermill*, 470 U.S. at 543). Thus, "the employee's response is essential not only to the issue of whether the allegations are true, but also with regard to whether the level of penalty to be imposed is appropriate." *Id.*

¶12 The Federal Circuit has applied the due process requirement articulated in *Loudermill* in cases such as *Stone* and *Ward v. U.S. Postal Service*, 634 F.3d 1274 (Fed. Cir. 2011). In those cases, the court held that a deciding official violates an employee's due process rights when he relies on new and material ex parte information as a basis for his decisions on the merits of a proposed charge or the penalty to be imposed. *Ward*, 634 F.3d at 1279-80; *Stone*, 179 F.3d at 1376-77; *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 23. An employee's due process right to notice extends to both ex parte information provided to a deciding official and information personally known to the deciding official if the information was considered in reaching the decision and was not previously disclosed to the appellant. *Singh*, 2022 MSPB 15, ¶ 23; *Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶ 7 (2012). In addressing due process rights, the Board has further explained that, when an agency intends to rely on aggravating factors as the basis for the imposition of a penalty, such factors should be included in the advance notice of adverse action so that the employee will have a fair opportunity to respond to those factors before the agency's deciding official. *Solis*, 117 M.S.P.R. 458, ¶ 7; *Vena v. Department of Labor*, 111 M.S.P.R. 165, ¶ 9 (2009); *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 304 (1981). If an employee has not been given notice of an aggravating factor supporting an enhanced penalty, a constitutional due process violation may have occurred. *Ward*, 634 F.3d at 1280; *Solis*, 117 M.S.P.R. 458, ¶ 7.

¶13 The Board has applied these due process requirements in adverse actions taken under 5 U.S.C. chapter 75 and performance-based actions taken under 5 U.S.C. chapter 43. *See, e.g.*, *Mathis v. Department of State*, 122 M.S.P.R. 507,

¶¶ 1, 6-16 (2015) (considering whether an agency provided an employee constitutional due process in a removal proceeding under chapter 43); *Silberman v. Department of Labor*, 116 M.S.P.R. 501, ¶¶ 2, 14 (2011) (reversing an adverse action taken pursuant to chapter 75 when an agency violated an employee's constitutional due process rights). We discern no reason why the due process requirements would not be equally applicable to actions taken under the DVA Accountability Act, the legal authority cited by the agency in removing the appellant. The Federal Circuit has recognized that the DVA Accountability Act maintains due process protections for Federal employees. *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1376-77 (Fed. Cir. 2020) (citing 163 Cong. Rec. S3268, 3276, 3280 (daily ed. June 6, 2017) (remarks of Senators Tester, Nelson, and Rubio)); *see Brenner*, 990 F.3d at 1324. In addition, the Board has recognized that 38 U.S.C. § 714 cannot be considered in a vacuum and that it must consider other legal authorities in interpreting the statute. *Richardson v. Department of Veterans Affairs*, 2023 MSPB 1, ¶ 20.

¶14    Nonetheless, not all ex parte communications rise to the level of a due process violation. *Singh*, 2022 MSPB 15, ¶ 23; *Solis*, 117 M.S.P.R. 458, ¶ 8; *see Ward*, 634 F.3d at 1279; *Stone*, 179 F.3d at 1376-77. In *Stone*, the Federal Circuit identified the following factors to be used to determine whether ex parte information is new and material such that its consideration deprived an employee of due process: (1) whether the ex parte information introduced cumulative, as opposed to new, information; (2) whether the employee knew of the information and had an opportunity to respond; and (3) whether the communication was "of the type likely to result in undue pressure on the deciding official to rule in a particular manner." *Stone*, 179 F.3d at 1377; *Singh*, 2022 MSPB 15, ¶ 24. The ultimate inquiry "is whether the ex parte communication is so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances." *Stone*, 179 F.3d at 1377; *Singh*, 2022 MSPB 15, ¶ 24. A due process violation is not subject to the harmful

error test; instead, if a violation occurred, the employee is automatically entitled to a new, constitutionally correct removal proceeding. *Ward*, 634 F.3d at 1279; *Stone*, 179 F.3d at 1377; *Solis*, 117 M.S.P.R. 458, ¶ 8.

¶15 The June 19, 2020 notice of proposed removal and the July 9, 2020 decision notice contained little explanation of the reasoning behind the imposition of the penalty of removal.[5] 0709-I-1 IAF, Tab 5 at 20-23, 47-48. The Federal Circuit observed that the deciding official did not conduct a *Douglas* factors analysis of the appropriateness of the penalty. *Bryant*, 26 F.4th at 1347. Only on remand from the Federal Circuit and the Board did the agency provide a full penalty analysis, including a *Douglas* factors worksheet, wherein the deciding official explained what factors he considered to support the penalty of removal. 0137 IAF, Tab 9 at 15-18, 20-27. In response to the appellant's argument that this violated his due process rights because he was not afforded an opportunity to respond to the penalty analysis, the agency stated that it simply followed the Federal Circuit's and the Board's instructions to consider the *Douglas* factors and that "no new evidence was considered." PFR File, Tab 6 at 11. However, as explained above, a deciding official's consideration of information of which the appellant was unaware constitutes an ex parte communication because the employee is not on notice of the evidence relied on by the agency in imposing the penalty. *See Singh*, 2022 MSPB 15, ¶ 23; *Solis*, 117 M.S.P.R. 458, ¶ 7. Because the appellant was not provided notice of the information that the deciding official would consider in selecting the penalty, we find that the deciding official considered ex parte information when completing the *Douglas* factors worksheet and issuing the new removal decision.

¶16 As discussed above, not all ex parte communications rise to the level of a due process violation. *Singh*, 2022 MSPB 15, ¶ 23; *Solis*, 117 M.S.P.R. 458, ¶ 8;

---

[5] We have not considered whether removal is the appropriate penalty for the alleged misconduct. Our analysis is focused solely on whether the agency afforded the appellant constitutionally mandated due process as required by the Supreme Court and the Federal Circuit.

*see Ward*, 634 F.3d at 1279; *Stone*, 179 F.3d at 1376-77. Thus, we must now consider whether the ex parte information in this appeal is so substantial and so likely to cause prejudice to the appellant that he cannot fairly be subjected to a deprivation of property under such circumstances. *See Ward*, 634 F.3d at 1279; *Stone*, 179 F.3d at 1377; *Singh*, 2022 MSPB 15, ¶ 24. Applying the factors set forth in *Stone*, we first consider whether the ex parte information constituted new evidence or whether such evidence was merely cumulative. *See Stone*, 179 F.3d at 1377. A deciding official does not commit a due process violation when he considers ex parte information that merely "confirms or clarifies information already contained in the record." *Blank v. Department of the Army*, 247 F.3d 1225, 1229 (Fed. Cir. 2001); *Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶ 11 (2014). It is clear that the deciding official's *Douglas* factor worksheet, dated November 15, 2022, is entirely new and that such an analysis was never provided to the appellant. 0137 IAF, Tab 9 at 20-27. However, some of the information contained in the worksheet, as well as the new removal decision, was included in the notice of proposed removal. *Compare* 0709-I-1 IAF, Tab 5 at 47-50, *with* 0137 IAF, Tab 9 at 15-18, 20-27. For instance, the proposal notice discussed that the appellant's 5 years of service, the nature and seriousness of the offense, the appellant's position as a police officer, and agency officials' loss of confidence in his ability to perform the duties of his position all played a role in the ultimate penalty determination. 0709-I-1 IAF, Tab 5 at 47-48. Such information as considered in the *Douglas* factors worksheet and the new removal decision is therefore cumulative of information contained in the proposal notice and does not constitute a due process violation. *See Blank*, 247 F.3d at 1229; *Grimes*, 122 M.S.P.R. 36, ¶ 11.

¶17 However, the *Douglas* factors worksheet and the new removal decision also include discussions of aggravating factors that were not included in the proposal notice. For example, in the new removal decision, the deciding official explained that he considered that the appellant's actions could "potentially invite conflict"

between the agency's police and the local municipal police due to the critical role played by local police and the necessary interaction between the two police departments. 0137 IAF, Tab 9 at 15. Although the proposal notice discussed that local officers feared for their safety as a result of the appellant's comments while they were serving the protective order and they were subsequently "purposefully kept away from" the clinic to which the appellant was assigned, this discussion was limited to the appellant's interactions with specific local officers, while the deciding official's statements relate to potential future conflict between the agency's police department and the local department as a whole. *Compare* 0709-I-1 IAF, Tab 5 at 48, *with* 0137 IAF, Tab 9 at 15. We find the deciding official's consideration of a potential future and broader conflict to be new information and not cumulative of the discussion in the proposal notice.

¶18 Second, the deciding official considered in his *Douglas* factors worksheet whether alternative sanctions would be sufficient to deter future misconduct, but he concluded that no lesser penalty would be effective. 0137 IAF, Tab 9 at 26. He considered this to be an aggravating factor. *Id.* This was not discussed, however, in the proposal notice. 0709-I-1 IAF, Tab 5 at 47-50. It is, therefore, new information. Similarly, the deciding official explained in the *Douglas* factors worksheet that the penalty of removal was consistent with the agency's table of penalties, and that fact was an aggravating factor. 0137 IAF, Tab 9 at 24. The proposal notice did not indicate that the agency intended to rely on the table of penalties as an aggravating factor. 0709-I-1 IAF, Tab 5 at 47-50. Notably, the appellant asserted in his June 30, 2020 reply to the proposal notice that he was never provided with the agency's table of penalties. *Id.* at 31. Thus, the agency's consideration of the removal's consistency with the table of penalties as an aggravating factor is new and not cumulative.

¶19 In sum, the deciding official considered at least three matters that constituted new information about which the appellant was not informed prior to

his receipt of the new decision and accompanying *Douglas* factors checklist. This strongly suggests a due process violation.

¶20      The second factor set forth in *Stone* for determining if a due process violation occurred concerns whether the employee knew of the information and had an opportunity to respond to it. *Stone*, 179 F.3d at 1377. Although the appellant was aware of the *Douglas* factors as a means of analyzing the appropriate penalty for an act of misconduct, he did not know which factors the deciding official would rely on in determining the penalty. The *Douglas* factors analysis that the appellant provided with his response to the earlier proposed removal was thus made in a vacuum. 0709-I-1 IAF, Tab 5 at 29-32. The agency did not provide the appellant with a *Douglas* factors analysis until over 2 years later, after the administrative judge's remand to the agency. 0137 IAF, Tab 9 at 20-27. Based on the foregoing, we find that the appellant did not know of the ex parte information, nor did he have an opportunity to respond to it. This factor also weighs in favor of finding a due process violation.

¶21      The third factor set forth in *Stone* concerns whether the ex parte communications were "of the type likely to result in undue pressure on the deciding official to rule in a particular manner." *Stone*, 179 F.3d at 1377. Here, there is no evidence in the record that the ex parte information resulted in undue pressure on the deciding official to remove the appellant. Nonetheless, this consideration is only one factor and not the ultimate inquiry. *Ward*, 634 F.3d at 1280 n.2. Specifically, the Federal Circuit has acknowledged that this factor is "less relevant" when the deciding official admits that the ex parte information "influenced [the] determination." *Young v. Department of Housing and Urban Development*, 706 F.3d 1372, 1377 (Fed. Cir. 2013). Here, it is undisputed that the ex parte information influenced the deciding official's penalty decision because he cited the information in the decision notice and the *Douglas* factors checklist. Thus, we find this factor to be less relevant to the overall analysis than the prior two *Stone* factors.

¶22    The appellant was entitled to "procedural fairness at each stage of the removal proceedings," not just upon review of the agency's action. *Young*, 706 F.3d at 1377 (quoting *Stone*, 179 F.3d at 1376). Based on the foregoing, we find that the deciding official's consideration of the ex parte information set forth above was so substantial and so likely to cause prejudice that the agency's failure to notify the appellant in advance of its consideration in the selection of the penalty of removal and to provide him with an opportunity to respond to the information violated his right to due process.[6] *See Kolenc v. Department of Health and Human Services*, 120 M.S.P.R. 101, ¶¶ 18-22 (2013) (concluding that the weight of evidence with regard to the first two *Stone* factors can outweigh the third factor when the third factor is less relevant, resulting in a finding of a due process violation). Accordingly, we reverse the initial decision and do not sustain the appellant's removal. The agency may not remove the appellant unless and until he is afforded a new constitutionally correct removal procedure.[7] *See Ward*, 634 F.3d at 1280; *Stone*, 179 F.3d at 1377; *Gray v. Department of Defense*, 116 M.S.P.R. 461, ¶ 12 (2011).

## ORDER

¶23    We ORDER the agency to cancel the removal action and to restore the appellant effective July 17, 2020. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶24    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's

---

[6] An agency may cure a potential due process violation based on the deciding official's knowledge of ex parte information by providing the appellant with notice of the information and an opportunity to respond to the deciding official about it.

[7] Because we are reversing the appellant's removal on due process grounds, we do not address his remaining arguments on review.

efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶25 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶26 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶27 For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

¶28 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (U.S.C.), sections 7701(g), 1221(g), 1214(g) or 3330c(b); or 38 U.S.C. § 4324(c)(4). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


_Gina K. Grippando_
Gina K. Grippando
Clerk of the Board
Washington, D.C.

**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g., TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).

**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1.  Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.
2.  The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63).
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2.  Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3.  Outside earnings documentation statement from agency.
4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.
5.  Provide forms for FEGLI, FEHBA, or TSP deductions (if applicable).
6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.