**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ADRIAN MATTHEW GUIJARRO,
      Appellant,

      v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
DA-0752-23-0441-I-1

DATE: March 23, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shane Robertson, Esquire, and Stacie Shah, Esquire, Dallas, Texas,
    for the appellant.

Danny Peters and Brian Mathison, Fort Bliss, Texas, for the agency.

Brittany Codd, Esquire, APO, Armed Forces Europe, the Middle East, and
    Canada, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to further address the appellant's claims of due process violations, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a WG-08 Aircraft Attendant for the agency, a position that subjected the appellant to random drug testing. Initial Appeal File (IAF), Tab 1 at 1, Tab 17 at 51, 69. In March 2023, he tested positive for cocaine use on a drug test, and the agency removed him from his position based on that positive test result effective July 31, 2023. IAF, Tab 17 at 17-28, 30, 34, 73. The appellant admitted to the deciding official during his oral response to the proposed removal that he used cocaine. *Id.* at 29. After the removal, the appellant filed an appeal with the Board and requested a hearing. IAF, Tab 1 at 2. He raised affirmative defenses, including violations of his due process rights, harmful procedural error, and disability discrimination. *Id.* at 5; IAF, Tab 7 at 4, 6, Tab 22 at 4-7.

After a hearing, the administrative judge issued an initial decision finding that the agency proved the charged misconduct. IAF, Tab 27, Initial Decision (ID) at 5-6. The administrative judge further found that the agency did not

violate the appellant's due process rights or commit harmful procedural error. ID at 8-16. In addition, she found that the appellant failed to prove his affirmative defense of disparate treatment based on disability. ID at 16-20. Finally, the administrative judge found that a nexus exists between the appellant's misconduct and the efficiency of the service and that the deciding official properly considered the *Douglas* factors and that the penalty of removal was within the tolerable limits of reasonableness. ID at 6-8, 20-22; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (providing a nonexhaustive list of factors relevant to penalty determinations, and observing that the Board's review of an agency imposed penalty is essentially to assure that the agency conscientiously considered the relevant factors and struck a responsible balance within tolerable limits of reasonableness).

The appellant has filed a petition for review of the initial decision, and the agency has filed a response, to which the appellant has replied. Petition for Review (PFR) File, Tabs 1, 3-4. We have carefully reviewed the record evidence, the administrative judge's findings, and the appellant's arguments on review, and we discern no reason to disturb the administrative judge's finding regarding the charge, the appellant's allegation that the agency violated its "safe harbor" provision, his disability discrimination allegation, nexus, and the penalty. We address below the appellant's allegations of due process violations to supplement the administrative judge's analysis.

## ANALYSIS

It is well settled that a tenured Federal employee, such as the appellant, has a property interest in continued employment, and the Government cannot deprive him of that interest without due process. *Bryant v. Department of Veterans Affairs*, 2024 MSPB 16, ¶ 11; *Wilson v. Department of Homeland Security*, 120 M.S.P.R. 686, ¶ 7 (2014), *aff'd*, 595 F. App'x 995 (Fed. Cir. 2015); *Johnson v. Department of the Navy*, 62 M.S.P.R. 487, 490 (1994); *see Cleveland Board of*

*Education v. Loudermill*, 470 U.S. 532, 538 (1985). The essential requirements of due process are prior notice of the charges against the employee and a meaningful opportunity to respond to those charges. *Loudermill*, 470 U.S. at 546. The opportunity to respond is important, not only to afford the employee a chance to dispute the allegations against him, but also with regard to the penalty to be imposed. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999) (citing *Loudermill*, 470 U.S. at 543). The U.S. Court of Appeals for the Federal Circuit, our reviewing court in cases such as this, has applied the due process requirement articulated in *Loudermill* in cases such as *Stone* and *Ward v. U.S. Postal Service*, 634 F.3d 1274 (Fed. Cir. 2011), and has held that a deciding official violates an employee's due process rights when he relies on new and material information as a basis for his decision on the merits of a proposed charge or the penalty to be imposed. *Ward*, 634 F.3d at 1279-80; *Stone*, 179 F.3d at 1376-77; *Bryant*, 2024 MSPB 16, ¶ 12. This extends to information the agency relies on as an aggravating factor in its penalty determination; to avoid a due process violation the information should be included in the proposal notice so that the employee will have a fair opportunity to respond to those factors before the agency's deciding official. *Bryant*, 2024 MSPB 16, ¶ 12; *Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶ 7 (2012); *see Douglas*, 5 M.S.P.R. at 304. If an employee has not been given notice of an aggravating factor supporting an enhanced penalty, a constitutional due process violation may have occurred. *Ward*, 634 F.3d at 1280; *Bryant*, 2024 MSPB 16, ¶ 12; *Solis*, 117 M.S.P.R. 458, ¶ 7.

On review, the appellant contends that the administrative judge erred in finding that the agency did not violate his due process rights because the information in the proposal notice was sufficient to provide notice to the appellant and that the deciding official did not consider any information not provided to the appellant or referenced in the notice of proposed removal. PFR File, Tab 1 at 13; ID at 10-11. Specifically, the appellant alleges that, because

the agency did not include a *Douglas* factors analysis with the proposal notice or sufficiently identify aggravating factors in that notice, it prevented him from adequately responding. PFR File, Tab 1 at 13.

While true that the agency did not include a *Douglas* factors checklist or a similar document with the proposal notice, the key aggravating factors relied on by the deciding official can be gleaned from the proposal notice. *Compare* IAF, Tab 17 at 17-21, *with id.* at 30-33. For example, the proposal notice stated that the misconduct was serious, violated agency regulations, was inconsistent with agency values, performance, and the "readiness necessary to accomplish the [agency's] mission." *Id.* at 30. Thus, the appellant was on notice that the deciding official would consider the seriousness of the misconduct, the violation of the agency's regulations, and the effect on the agency's mission as aggravating factors. *Id.* at 17, 23. Similarly, the proposal notice stated that the appellant was aware of the prohibition of illegal drug use and the appellant was thus aware that the deciding official would consider the clarity with which he was on notice that his conduct was unacceptable. *Id.* at 26, 30. Therefore, we are not persuaded that the agency violated the appellant's due process rights in this regard.

The appellant also argues on review that the deciding official failed to consider his potential for rehabilitation, his successful work history, and "personal problems" as mitigating factors. PFR File, Tab 1 at 10-11. The record shows, however, that the deciding official considered the appellant's rehabilitative potential, including that he was seeking counseling, but the deciding official believed that the appellant was not taking rehabilitation seriously. IAF, Tab 17 at 17, 26. The deciding official noted that there was no evidence that the appellant had undergone further testing or that he met with a counselor more than once a month. *Id.* at 26. Likewise, the record shows that the deciding official considered the appellant's work history with the agency and did not find that the appellant was facing personal problems. *Id.* at 27.

Concerning these circumstances raised by the appellant, we first observe that a deciding official does not violate an employee's right to due process when he considers issues raised by an employee in his response to the proposed adverse action and then rejects those arguments in reaching a decision. *Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶ 13 (2014) (citing *Wilson*, 120 M.S.P.R. 686, ¶ 11). In addition, an appellant is not entitled to know in advance the particular weight the deciding official may attach to certain facts. *Wilson*, 120 M.S.P.R. 686, ¶ 12. Thus, the deciding official's weighing of the *Douglas* factors did not violate the appellant's due process rights.[2]

For the first time on review, the appellant argues that the deciding official violated his due process rights by not considering his written response to the proposed removal. PFR File, Tab 1 at 13. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). As this issue did not become apparent until the hearing testimony, under the circumstances we will consider it.

During his testimony, the appellant indicated that he wrote a response to deciding official's summary of the oral response and gave it to his union representative to submit on his behalf.[3] IAF, Tab 26-2, Hearing Recording Part 2

---

[2] Although we find no constitutional due process violation, we still must consider whether the agency committed harmful procedural error. *Stone*, 179 F.3d. at 1377-78 (stating that, in addition to the protections afforded by the Constitution, public employees also are entitled to whatever other procedural protections are afforded them by statute, regulation, or agency procedure). As explained in the text, the notice of proposed removal provided sufficient details for the appellant to have made an informed reply, and we therefore find no harmful procedural error.

[3] Regarding the appellant's argument that the deciding official's summary of his oral response was too conclusory and lacked details regarding what the appellant raised in his response, the appellant digitally signed the summary, thereby supporting its accuracy. IAF, Tab 17 at 29. Moreover, the appellant does not specify what information was omitted from this memorandum or how any omission was significant. PFR File, Tab 1 at 12-13.

at 17:20-18:30 (testimony of the appellant). However, the deciding official testified that he did not receive a written response, nor did he recall the appellant stating he would submit one after his oral response. IAF, Tab 26-1, Hearing Recording Part 1 at 1:16:45-1:17:30 (testimony of the deciding official). Although, as noted, the appellant argues that the deciding official did not consider the written response, he does not address if, when, or how he submitted it. PFR File, Tab 1 at 13. Notably, there is nothing from the union representative reflecting that the response was delivered to the deciding official. Furthermore, to the extent that the appellant relied on his union representative to deliver the written response and the representative failed to deliver it, it is well settled that an appellant is responsible for the errors of his representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.