# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL D. HANCOCK,
           Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
           Agency.

DOCKET NUMBER
DC-0714-19-0865-I-1

DATE: December 18, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Michael D. Hancock</u>, Roanoke, Virginia, pro se.

<u>Amanda E. Shaw</u>, Roanoke, Virginia, for the agency.

<u>Keta J. Barnes</u>, Durham, North Carolina, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal under 38 U.S.C. § 714. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed by the agency as a Laundry Worker at the agency's Veterans Health Administration Medical Center in Salem, Virginia. Initial Appeal File (IAF), Tab 5 at 13. By letter dated August 22, 2019, the agency proposed his removal pursuant to 38 U.S.C. § 714 based on one charge of conduct unbecoming that was supported by four specifications. *Id.* at 33-35. In specifications one and two, the agency alleged that, during a meeting on July 10, 2019, the appellant made disrespectful, inappropriate, and/or profane comments directed at his supervisor and coworkers. *Id.* at 33. In specification three, the agency alleged that on July 29, 2019, after receiving a letter charging him as absent without leave, the appellant stated to his supervisor that "[b]ad things happen to people when they try to get employees fired," or words to that effect. *Id.* In specification four, the agency alleged that, after making the statement described in specification 3, the appellant placed his hand on his supervisor's shoulder and stated "[b]aby, you don't need to call him," or words to that effect, when the appellant's supervisor attempted to contact the Department Chief. *Id.* Following an opportunity for the appellant to respond to the proposal notice both orally and in writing, the deciding official found that the charge was supported by substantial evidence and she sustained the removal, which became effective September 27, 2019. *Id.* at 14-16.

The appellant filed a Board appeal challenging his removal and raising an affirmative defense of race discrimination. IAF, Tab 1, Tab 14 at 1.

After holding the appellant's requested hearing, the administrative judge issued an initial decision sustaining the appellant's removal. IAF, Tab 18, Initial Decision (ID). The administrative judge found that the agency proved all four of the specifications in support of its conduct unbecoming charge. ID at 3-11. He further found that the appellant failed to prove that his race was a motivating factor in the agency's removal decision. ID at 12-16. In particular, the administrative judge found that the appellant failed to provide any evidence from which an inference of discriminatory intent could be drawn or identify any other employees who engaged in similar misconduct but were not disciplined. ID at 14-15. The administrative judge also credited the testimony of the deciding official that the appellant's race was not a factor in her decision to remove him.[2] ID at 15. Although the administrative judge did not consider the reasonableness of the penalty, he concluded that "the agency [] presented substantial evidence to support its action." ID at 16. Accordingly, he affirmed the appellant's removal.

The appellant has filed a petition for review, which the agency has opposed. Petition for Review (PFR) File, Tabs 1, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the agency proved its charge of conduct unbecoming.</u>

In finding that the agency proved its conduct unbecoming charge, the administrative judge credited the testimony of the appellant's supervisor and coworkers that the appellant engaged in the charged misconduct during a meeting they all attended on June 10, 2019. ID at 3-8. The administrative judge also

---

[2] Although the administrative judge ultimately concluded that the appellant failed to prove that the agency's removal action was "the result of" racial discrimination, in light of the administrative judge's analysis and citation to the standard set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 41, 51 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25, we construe such a finding as tantamount to finding that the appellant failed to prove that his race was a motivating factor in the agency's decision to remove him, ID at 12-16.

credited the testimony of the appellant's supervisor regarding the appellant's inappropriate comments and actions directed toward her on July 29, 2019. ID at 8-11. To the extent the appellant asserts on review that the testimony of the agency's witnesses was false, not forthcoming, and inconsistent, PFR File, Tab 1 at 3, we find that the appellant's conclusory statement fails to provide a sufficiently sound reason to overturn the administrative judge's credibility findings, which were based on his observation and assessment of the agency officials' demeanor during the hearing, *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (holding that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing and the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so); *see also Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016) (stating that, even if demeanor is not explicitly discussed by an administrative judge, assessing a witness's credibility involves consideration of various factors, including a witness's demeanor).

The appellant's remaining arguments on review largely reiterate his arguments below and fail to identify any specific errors in the initial decision. PFR File, Tab 1. Thus, the Board will not embark upon a complete review of the record. *See Baney v. Department of Justice*, 109 M.S.P.R. 242, ¶ 7 (2008); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992); 5 C.F.R. § 1201.115(a)(2) (stating that a petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error). Based on the foregoing, we discern no error in the administrative judge's decision to sustain the charge.

We remand the matter for the administrative judge to provide the parties with an opportunity to present evidence and argument regarding whether the agency's error in sustaining the removal based on substantial evidence harmed the appellant.

Notwithstanding the above findings, remand is still necessary. In the decision notice removing the appellant, the deciding official applied the substantial evidence standard to her review of the removal action. IAF, Tab 5 at 14. After the issuance of the initial decision in this matter, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) decided *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290 (Fed. Cir. 2021). In *Rodriguez*, 8 F.4th at 1296-1301, the court found that the agency had erred by applying the substantial evidence standard of proof to its internal review of a disciplinary action under 38 U.S.C. § 714. The court found that substantial evidence is the standard of review to be applied by the Board, not the agency, and that the agency's deciding official must apply the preponderance of the evidence standard to "determine" whether the appellant's "performance or misconduct . . . warrants" the action at issue. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 21 (quoting *Rodriguez*, 8 F.4th at 1298-1301 (quoting 38 U.S.C. § 714(a)(1))); *see Bryant v. Department of Veterans Affairs*, 26 F.4th 1344, 1347 (Fed. Cir. 2022) (agreeing with a petitioner that the agency's decision was "legally flawed" when the deciding official found the charge proved merely by substantial evidence rather than preponderant evidence, as required under *Rodriguez*).

The Federal Circuit's decision in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place. *Semenov*, 2023 MSPB 16, ¶ 22. The administrative judge and the parties did not have the benefit of *Rodriguez* or the Board's application of it in *Semenov*; therefore, we are unable to address its impact on this appeal. Accordingly, we remand this case for adjudication of whether the agency's application of the substantial evidence standard was harmful error. *See id.*, ¶ 23 (finding it appropriate to apply the harmful error standard from 5 U.S.C. § 7707(c)(2) to actions taken under 38 U.S.C. § 714). A

harmful error is an error by the agency in the application of its procedures that is likely to have caused the agency to reach a different conclusion from the one it would have reached in the absence or cure of the error. *Ronso v. Department of the Navy*, 122 M.S.P.R. 391, ¶ 14 (2015); 5 C.F.R. § 1201.4(r). The appellant bears the burden of proving his affirmative defenses by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(C). On remand, the administrative judge should provide the parties with an opportunity to present evidence and argument, including at a supplemental hearing if requested by the appellant, addressing whether the agency's use of the substantial evidence standard constituted harmful error.

On remand, the administrative judge should allow the parties an opportunity to present evidence and argument regarding whether the agency considered the *Douglas*[3] factors in determining the penalty.

In the initial decision, the administrative judge stated that "there is no necessity under Section 714 for the agency to show that the deciding official considered the *Douglas* factors." ID at 16. As such, he did not consider the reasonableness of the penalty, rather, finding that the agency "presented substantial evidence to support its action." *Id.* The appellant has not challenged on review the administrative judge's handling of the penalty. PFR File, Tab 1. However, following the issuance of the initial decision, the Federal Circuit issued *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370 (Fed. Cir. 2020), wherein it clarified that 38 U.S.C. § 714 requires the Board "to review for substantial evidence the entirety of the [agency's] removal decision—including the penalty." *Id.* at 1379; *see Semenov*, 2023 MSPB 16, ¶ 45. After it issued *Sayers*, the Federal Circuit explained in *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1325-26 (Fed. Cir. 2021), that the agency and the Board must still apply the *Douglas* factors[4] to the selection and review of penalties in

---

[3] *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981).

disciplinary actions taken under 38 U.S.C. § 714. *See Semenov*, 2023 MSPB 16, ¶ 49.

Accordingly, on remand, the administrative judge shall permit the parties to submit any additional evidence and argument, including at a supplemental hearing if requested by the appellant, addressing the penalty issue. *See id.*, ¶ 50. In reviewing the penalty, the administrative judge should determine whether the agency proved by substantial evidence that it properly applied the *Douglas* factors and whether the agency's penalty selection was reasonable and, if not, the administrative judge should remand the appellant's removal to the agency for a new decision on the appropriate penalty. *See id.* (citing *Connor*, 8 F.4th at 1326-27; *Sayers*, 954 F.3d at 1375-76).[5]

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order. As outlined above, the administrative judge shall address whether the agency's error in applying the substantial evidence burden of proof to its action was harmful. If the administrative judge determines that the agency's error in applying the incorrect burden of proof was not harmful, then he shall determine whether the agency proved by substantial evidence that it applied the relevant *Douglas* factors and that the penalty was reasonable.[6] The administrative judge may, if appropriate, incorporate into the remand decision his prior findings concerning the agency's proof of its charge.[7] The administrative judge may also incorporate into the remand decision, if appropriate, his prior findings regarding

---

[4] In *Douglas*, 5 M.S.P.R. at 305-06, the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

[5] If remanded to the agency, the agency should be mindful of its obligations to provide the appellant with the necessary due process. *See Bryant v. Department of Veterans Affairs*, 2024 MSPB 16, ¶¶ 11-13.

[6] If the administrative judge finds that the agency committed harmful error such that the disciplinary action is not sustained, he need not address the penalty issue.

the appellant's affirmative defense of race discrimination, but in doing so, the administrative judge must apply the analytical framework set forth in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31.[8]

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[7] If any argument or evidence adduced on remand affects the administrative judge's prior analysis of any issue on this appeal, he should address such argument or evidence in the remand decision.

[8] The appellant does not challenge the administrative judge's findings on review that he failed to prove that his removal was based on racial discrimination. After the initial decision was issued, the Board issued its decision in *Pridgen*. In light of the administrative judge's findings, the change in analytical framework articulated in *Pridgen* appears not to provide a basis to disturb the administrative judge's conclusion regarding the appellant's affirmative defense.