## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JACQUELYN DORINDA JENKINS JR.,

Appellant,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Agency.

DOCKET NUMBER
AT-0714-19-0779-I-1

DATE: December 30, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Bobby Henderson, Tuskegee, Alabama, for the appellant.

Kimberly Kaye Ward, Esquire, Decatur, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal under 38 U.S.C. § 714 for failure to meet a condition of employment. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the appeal to the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was a GS-0185-11 Social Worker for the agency. Initial Appeal File (IAF), Tab 6 at 8. On August 22, 2019, the agency proposed the appellant's removal under 38 U.S.C. § 714 based on one charge of "Failure to Obtain Licensure." *Id.* at 13-14. Specifically, the agency alleged that as a condition of employment, the appellant was required to obtain, within 3 years of her August 9, 2015 appointment, a license or certification by a state to independently practice social work, but she failed to do so. *Id.* at 13. After the appellant responded, the agency issued a decision removing her effective September 11, 2019. *Id.* at 8-12.

The appellant filed a Board appeal and requested a hearing. IAF, Tab 1 at 2, 4. She challenged the merits of the agency's action, arguing that she had the proper credentials for her position. IAF, Tab 1 at 6, Tab 4 at 15. She also raised affirmative defenses of harmful procedural error and retaliation for filing a prior Board appeal. IAF, Tab 1 at 6, Tab 4 at 6, Tab 10 at 4-5, Tab 12 at 2. After a hearing, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 14, Initial Decision (ID). He found that the agency proved its charge by substantial evidence and that the appellant failed to prove her affirmative defenses. ID at 2-12. The administrative judge did not address the issue of penalty. ID at 12.

The appellant has filed a petition for review, arguing that she has the proper license required for her position. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

In an appeal of an adverse action taken under 38 U.S.C. § 714(a), the agency bears the burden of proving its charges by substantial evidence. 38 U.S.C. § 714(d)(2)(a). If the agency meets this standard, the Board may not mitigate the agency's chosen penalty, but it is nevertheless required to review the penalty as part of the agency's overall decision. 38 U.S.C. § 714(d)(2)(B), (3) (C); *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1375-79 (Fed. Cir. 2020). Further, the agency's decision may not be sustained if the appellant shows harmful error in the application of the agency's procedures in arriving at such decision or if the appellant shows that the decision was based on a prohibited personnel practice described in 5 U.S.C. § 2302(b). 5 U.S.C. § 7701(c)(2) (A)-(B).

The agency proved its charge before the Board by substantial evidence.

In this case, we agree with the administrative judge that the agency proved its charge by substantial evidence. ID at 2-5. As he correctly found, the charge "Failure to Obtain Licensure" is essentially a charge of failure to meet a condition of employment, which requires the agency to show that (1) the requirement at issue is a condition of employment, and (2) the appellant failed to meet that condition. *Gallegos v. Department of the Air Force*, 121 M.S.P.R. 349, ¶ 6 (2014); ID at 3; IAF, Tab 6 at 13. The administrative judge also correctly found that the agency proved both of these elements by substantial evidence. ID at 3-5.

Regarding the first element, the relevant agency handbook provides that Social Workers appointed to positions in the agency "must be licensed or certified by a state to independently practice social work at the master's degree level," and that "social workers who are not licensed or certified at the time of appointment must become licensed or certified at the independent, master's level within 3 years of their appointment as a social worker." IAF, Tab 6 at 29. This much appears to be undisputed.

The appellant's chief contention throughout this appeal pertains to the second element; she argues that she possessed the requisite license from the State of Florida. PFR File, Tab 1 at 5; IAF, Tab 1 at 6, Tab 4 at 15, Tab 10 at 4-5. However, the record shows that, at all times relevant to this appeal, the appellant was a Registered Clinical Social Worker Intern. ID at 4; IAF, Tab 6 at 16. As the appellant correctly asserts, this is a master's-level certification. PFR File, Tab 1 at 4. However, it is not a master's-level certification that allows her to "independently practice," as required for Social Workers in the 0185 series and as specifically alleged in the notice of proposed removal. IAF, Tab 6 at 13, 29. As the administrative judge correctly found, under Florida law, a Registered Clinical Social Worker Intern is not licensed to practice independently but instead "must remain under supervision while practicing under registered intern status." ID at 14; Fla. Stat. § 491.0045(3). Florida regulation provides that an individual who practices clinical social work must continue in supervision and use the term "Registered Clinical Social Work Intern" until she receives a license to practice the profession, even if the 2-year post-master's supervision requirement has been satisfied. Fla. Admin. Code R. 64B4-3.008(1). Although the appellant has a license number, IAF, Tab 6 at 16, this is not incompatible with her status as a Social Worker Intern, *see* Fla. Admin. Code R. 64B4-3.0085(3)(a), and we note that the license number is prefaced with "ISW," which we assume stands for "Intern Social Worker," IAF, Tab 6 at 16. The appellant asserts that she is not a student intern. PFR File, Tab 1 at 4. It may be true that the appellant is no longer a student, but there is no evidence that she has obtained the independent practice license referenced in State statute or regulation. Fla. Stat. §§ 491.005-.006; Fla. Admin. Code R. 64B4-3.001.

The appellant asserts that she has documentation from various individuals that her Social Worker Intern license is acceptable for her 0185-series Social Worker position. PFR File, Tab 1 at 4-5. However, she has not provided any such documentation for the record. The appellant points out that the SF-50

documenting her initial GS-09 level appointment indicates that it was a temporary appointment pending receipt of licensure, but that she was subsequently promoted to a permanent GS-11 position, and there is no indication on the corresponding SF-50 that further documentation of licensure was required.  IAF, Tab 6 at 49-51.  However, it is well-settled that an SF-50 is not a legally operative document controlling on its face an employee's status and rights.  *Abdullah v. Department of the Treasury*, 113 M.S.P.R. 99, ¶ 13 (2009).  We decline to read into this evidence and assign it such weight as to override the licensure requirements that are otherwise plainly set forth by agency regulation for this position.  The appellant further argues that the agency's regulations provide that a GS-11 Social Worker must be licensed at the time of appointment, and so her promotion to GS-11 on August 7, 2016, proves that she was properly licensed.  PFR File, Tab 1 at 5.  This is inaccurate.  According to the agency rules in effect at the time, Social Workers above the full performance level are required to be licensed immediately upon appointment; all others serving at or below the full performance level have 3 years to obtain a license.[2]  IAF, Tab 6 at 29.  GS-11 is the full performance level.  *Id.* at 33.  Therefore, the appellant was still subject to the 3-year grace period even after her promotion to GS-11, and we find that the fact of her promotion fails to rebut the agency's showing that she was not properly licensed.

<u>The appellant did not prove her affirmative defense of harmful procedural error regarding written requirements for licensure or certification.</u>

To prove that the agency committed harmful procedural error under 5 U.S.C. § 7701(c)(2)(A), the appellant must show both that the agency committed procedural error and that the error was harmful.  *Parker v. Defense Logistics Agency*, 1 M.S.P.R. 505, 513 (1980).  Harmful error cannot be

---

[2] There is some evidence that the agency has since changed this rule because of the appellant's case and others like it so that, as of October 2019, GS-11 Social Workers must, without exception, have an independent master's-level license.  Hearing Recording, Track 1 at 47:15 (testimony of the proposing official).

presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991).

In this case, the administrative judge found that the agency committed procedural error when it failed to provide the appellant, at the time of her appointment, "with the written requirements for licensure or certification, including the time by which the license or certification must be obtained and the consequences for not becoming licensed or certified by the deadline," as required by the applicable agency handbook. ID at 5-6; IAF, Tab 6 at 30. Nevertheless, he found that the appellant's substantive rights were not prejudiced because the agency subsequently and repeatedly informed her that she did not have the required license and of the need to obtain one or face removal. ID at 6-8. On petition for review, the appellant appears to raise the issue of procedural error again, but her argument amounts at most to mere disagreement with the administrative judge's reasoned and explained findings, which were grounded in part on demeanor-based credibility determinations. PFR File, Tab 1 at 5; *see Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980) (finding that mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board).

<u>The appellant did not prove her affirmative defense of retaliation for filing a prior Board appeal.</u>

Under 5 U.S.C. § 2302(b)(9)(A), it is a prohibited personnel practice to retaliate against an employee for her exercise of any appeal, complaint, or grievance right either with or without regard to remedying a violation of 5 U.S.C. § 2302(b)(8). Appeals seeking to remedy violations of 5 U.S.C. § 2302(b)(8) are protected under 5 U.S.C. § 2302(b)(9)(A)(i), and all other appeals are protected under 5 U.S.C. § 2302(b)(9)(A)(ii). The analysis of the affirmative defense

differs depending on the type of appeal at issue.[3] *Compare Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 39 (2016) (analysis for a 5 U.S.C. § 2302(b) (9)(A)(i) claim), *with Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 8 (2016) (analysis for a 5 U.S.C. § 2302(b)(9)(A)(ii) claim).

In this case, the administrative judge applied the analysis for an affirmative defense of retaliation for filing a prior Board appeal under 5 U.S.C. § 2302(b)(9) (A)(i). ID at 9-12. However, the prior Board appeal underlying the appellant's affirmative defense contained no claim of whistleblower retaliation and was therefore not seeking to remedy a violation of 5 U.S.C. § 2302(b)(8). *Jenkins v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-19-0089-I-1, Appeal File (0089 AF). Therefore, the administrative judge should have applied the analysis for an affirmative defense of retaliation under 5 U.S.C. § 2302(b)(9)(A) (ii). Nevertheless, both analyses are based on the same general factual considerations, and there is no reason to suppose that the appellant would have prevailed under the more stringent standards applicable to a (b)(9)(A)(ii) defense when she did not prevail under the less stringent standards of a (b)(9)(A)(i) defense. *See Joosten v. U.S. Postal Service*, 52 M.S.P.R. 198, 201-02 (1992); *see also Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis to reverse an initial decision).

For an appellant to prevail on an affirmative defense of retaliation for activity protected under 5 U.S.C. § 2302(b)(9)(A)(ii), she must show that (1) she engaged in protected activity; (2) the accused official knew of the activity; (3) the adverse action under review could have been retaliation under the circumstances;

---

[3] A different analysis applies to prior appeals facially covered under 5 U.S.C. § 2302(b) (9)(A)(ii) that involve claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(1). *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 48–51 & n. 12 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25. The appellant's prior Board appeal did not contain any such claim, so this alternative analysis is inapplicable.

and (4) there was a genuine nexus between the alleged retaliation and the adverse action. *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986).

In this case, the appellant's prior Board appeal, filed on November 7, 2018, concerned her August 10, 2018 termination upon the expiration of a temporary appointment. 0089 AF, Tab 1. By way of background, the agency initially appointed the appellant to her Social Worker position on August 9, 2015, at the GS-09 level, in a temporary appointment not to exceed September 9, 2016. IAF, Tab 6 at 49. The SF-50 documented the reason for the temporary appointment as "pending receipt of licensure." *Id.* The following year, the agency declined to award the appellant a career-ladder promotion to GS-11 because she had not yet obtained an independent practice license, but the appellant filed a grievance, which resulted in the agency granting her the promotion effective August 7, 2016. *IAF, Tab 6* at 15; Hearing Recording, Track 1 at 26:10, 32:20, 50:00 (testimony of the proposing official). The SF-50 documenting the promotion indicated that the appellant had been converted to a permanent appointment in the excepted service. 0089 AF, Tab 4 at 11. Two years later, on July 31, 2018, the agency provided the appellant written notice that she must obtain an independent practice license within 10 days or face possible termination. 0089 AF, Tab 5 at 35. On August 10, 2018, the agency "corrected" the SF-50 documenting the appellant's promotion to indicate that it was not a conversion and "corrected" the SF-50 documenting her initial appointment to indicate that it was not to exceed August 10, 2018. *Id.* at 8, 34. The agency terminated the appellant the same day. *Id.* at 36. During the pendency of the ensuing Board appeal, the agency cancelled the appellant's termination and restored her to her GS-11 Social Worker position. 0089 AF, Tab 18. The administrative judge dismissed the appeal as moot, and his initial decision became the final decision of the Board. 0089 AF, Tab 24, Initial Decision; *see* 5 C.F.R. § 1201.113.

Based on these facts, it is clear that the appellant has established the first element of the *Warren* test. Her November 7, 2018 Board appeal constituted protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii). *See Mattison*, 123 M.S.P.R. 492, ¶ 8. The record in the prior appeal shows that the second element is satisfied as well because both the proposing and deciding officials in this case were involved in restoring the appellant to the status quo ante during the pendency of the prior action. 0089 AF, Tab 18 at 8, 10-11. Regarding the third *Warren* element, we find that the removal could have been retaliation under the circumstances based on its timing. The agency proposed the appellant's removal less than 4 months after her prior Board appeal was resolved. IAF, Tab 6 at 13-14; 0089 AF, Tab 24, Initial Decision; *see Westmoreland v. Department of Transportation*, 49 M.S.P.R. 574, 576 (1991).

However, we find that the appellant has not established the fourth element of her affirmative defense. To establish a genuine nexus, an appellant must show that the adverse action was taken because of her protected activity. This requires the Board to weigh the severity of the appellant's alleged misconduct against the intensity of the agency's motive to retaliate. *Mattison*, 123 M.S.P.R. 492, ¶ 8. Our review of the record in this appeal and the prior appeal gives no indication, beyond the appellant's unsubstantiated allegations, that either the proposing or the deciding official were involved in her previous termination. Nor is there any indication that either official faced adverse consequences as a result of the prior appeal, apart from the extra administrative tasks that they undertook in restoring her to employment. Notably, the appellant's prior appeal did not result in any adverse decision against the agency; the appeal was dismissed as moot after the agency's unilateral rescission of its action. Our finding is further supported, at least as far as the proposing official is concerned, by the administrative judge's demeanor-based credibility determinations. ID at 11. We therefore find that the proposing and deciding officials had little retaliatory motive. We also find that

the reasons for the appellant's removal are strong. The administrative judge aptly explained as follows:

> Here, the record reveals that agency management clearly warned the appellant that she could be removed for failure to obtain licensure at least several months prior to her first Board appeal in November 2018. Most specifically, the Statement of Understanding signed by the appellant on July 31, 2018 addressed that possibility. In other words, agency management contemplated removing the appellant long before she filed her first Board appeal. There is no claim or evidence that the proposing or deciding officials became more likely to effect such action after the appellant filed her first Board appeal.

*Id.* Considering the strong reasons in support of the agency's action in light of the responsible agency officials' relatively weak retaliatory motive, we find that there is no genuine nexus between the appellant's prior Board appeal and her subsequent removal. Having thus applied the proper analytical framework to the facts of this case, we agree with the administrative judge's conclusion that the appellant failed to prove her affirmative defense of retaliation.

Remand is required for other reasons.

Although the arguments the appellant raised on review are unavailing, this case requires remand for other reasons. After the initial decision in this appeal was issued, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) decided *Rodriguez v. Department of Veterans Affairs,* 8 F.4th 1290 (Fed. Cir. 2021), wherein it found that the agency erred when it applied the substantial evidence burden of proof, instead of the preponderance of the evidence burden, to its internal review of a disciplinary action under 38 U.S.C. § 714. In this case, the agency did the same. The agency proposed the appellant's removal under 38 U.S.C. § 714 for her failure to obtain licensure. While deciding to sustain the action, the deciding official stated that the charge "was supported by substantial evidence." IAF, Tab 6 at 9.

The Federal Circuit's decision in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place. *Semenov v. Department of*

*Veterans Affairs*, 2023 MSPB 16, ¶ 22. The administrative judge and the parties did not have the benefit of *Rodriguez* or the Board's application of it in *Semenov* when developing the record. Therefore, we are unable to address the impact of those decisions on this appeal. Accordingly, on remand, the administrative judge shall adjudicate whether the agency's application of the substantial evidence burden of proof, instead of the preponderant evidence burden, was harmful error. *See id.*, ¶¶ 22-24 (finding it appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) to actions taken under 38 U.S.C. § 714).

We must also remand this appeal on the issue of penalty. The administrative judge issued the initial decision without any penalty analysis. ID at 2, 12. In addition, we found no evidence showing that the agency considered the relevant *Douglas* factors when deciding to remove the appellant. The deciding official did not testify. *Compare* IAF, Tab 6 at 9-11, *with* IAF, Tab 16 at 2. Further, the proposal and decision letters are silent on the penalty, except to describe it as a removal. IAF, Tab 6 at 9-11, 13-14.

Following the issuance of the initial decision, the Federal Circuit issued *Sayers*, 954 F.3d 1370 (Fed. Cir. 2020), wherein it clarified that, while the Board may not mitigate the penalty, 38 U.S.C. § 714 nevertheless "requires the Board to review for substantial evidence the entirety of the [agency's] removal decision—including the penalty—rather than merely confirming that the record contains substantial evidence that the alleged conduct leading to the adverse action actually occurred." *Id.* at 1379; *see Semenov*, 2023 MSPB 16, ¶ 45. The Federal Circuit later explained in *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1323-27 (Fed. Cir. 2021), that the Board's review must include the agency's penalty determination whether the action is based on misconduct or performance. *See Semenov*, 2023 MSPB 16, ¶ 45. Finally, the Federal Circuit also found in *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1325-26 (Fed. Cir. 2021), that the agency and the Board must still apply

the *Douglas* factors to the selection and review of penalties in disciplinary actions taken under 38 U.S.C. § 714. *See Semenov*, 2023 MSPB 16, ¶ 49.

Because the administrative judge did not address the *Douglas* factors, and it is unclear from the record to what extent, if any, the agency deciding official considered them, those issues must be addressed on remand. On remand, the administrative judge should permit the parties to submit additional evidence and argument on the penalty issue. *See id.*, ¶ 50. In reviewing the penalty, the administrative judge should determine whether the agency proved by substantial evidence that it properly applied the *Douglas* factors and whether the agency's penalty selection was reasonable and, if not, he should remand the appellant's removal to the agency for a new decision on the appropriate penalty.[4] *Id.* (citing *Connor*, 8 F.4th at 1326-27; *Sayers*, 954 F.3d at 1375-76, 1379).

## ORDER

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.[5] As outlined above, the administrative judge shall address whether the agency's error in applying the substantial evidence burden of proof to its action was harmful. *See Semenov*, 2023 MSPB 16, ¶ 24. If the administrative judge determines that the agency's error in applying the incorrect burden of proof was not harmful, then he shall determine whether the agency proved by substantial

---

[4] On remand to the agency, the agency should be mindful of its obligations to provide the appellant with the necessary due process. *Bryant v. Department of Veterans Affairs*, 2024 MSPB 16, ¶ 13 (finding that the DVA Accountability Act maintains due process protections for employees); *see Brenner*, 990 F.3d at 1324 (same); *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1375-77 (Fed. Cir. 1999).

[5] The administrative judge shall hold a hearing limited to the issues on remand if one is requested by the appellant. 5 U.S.C. § 7701(a)(1); *see Semenov*, 2023 MSPB 16, ¶ 24 (instructing the administrative judge to hold a supplemental hearing addressing whether the agency's use of the substantial evidence standard in a 38 U.S.C. § 714 removal decision constituted harmful error).

evidence that it applied the relevant *Douglas* factors, and that the penalty was reasonable. If he determines that the agency did not properly apply the relevant *Douglas* factors and that the agency's penalty was not reasonable, he shall remand the appellant's removal to the agency for a new decision on the appropriate penalty. The administrative judge may, if appropriate, incorporate into the remand decision prior findings from his initial decision and this remand order concerning the charge, the claim of harmful error regarding written requirements for licensure or certification, and the claim of reprisal for filing a prior Board appeal.

FOR THE BOARD:           _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.