## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DIANNE V. PEASLEE, | DOCKET NUMBER |
| Appellant, | PH-0714-20-0060-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: February 20, 2025 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Dianne V. Peaslee</u>, Chelsea, Maine, pro se.

<u>Joshua Carver</u>, Esquire, Augusta, Maine, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal pursuant to 38 U.S.C. § 714. For the reasons discussed below, we GRANT the petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the matter to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

At all times relevant to the present appeal, the appellant held the position of Housekeeping Aid. Initial Appeal File (IAF), Tab 4 at 15. By letter dated October 3, 2019, the agency proposed her removal pursuant to 38 U.S.C. § 714 based on the charges of conduct unbecoming a Federal employee (three specifications) and lack of candor (one specification). *Id*. at 36-38. The three specifications of conduct unbecoming concerned alleged actions or statements by the appellant concerning two fellow agency employees in a purported relationship during July 2019. *Id*. at 36. Specification one alleged that, on or about July 15, 2019, the appellant contacted via Facebook Messenger an acquaintance of the female coworker trying to obtain her home address and/or that of the male coworker, in an apparent "effort to convey the information" to patients who were concerned that she was going to report them for use or possession of marijuana. *Id*. Specification two alleged that, during the above-referenced conversation, the appellant referred to the male coworker, a veteran who also received medical treatment at the facility, as "half gay." *Id*. Finally, specification three alleged that, on or about July 17, 2019, after receiving a harassment/trespass notice from VA police, the appellant commented "David is going to kill him" in reference to the male coworker. *Id*. The lack of candor charge alleged that, on or about July 17, 2019, when questioned by agency law enforcement regarding the "kill him" comment, the appellant first denied making the statement but changed her answer to "I don't think I did" after being informed that there was a witness to the statement. *Id*. The proposal noted that the appellant had previously received a suspension for conduct unbecoming in January 2019. *Id*. at 37.

In her written reply, the appellant asserted that she already knew both addresses and maintained that she had referred to the coworker as "half gay" because he identified himself using that term. *Id*. at 20. She also stated that, although she did not remember it, she did tell agency police that she made the statement "Dave is going to kill him" to a fellow employee, but she argued that the statement "should never have been taken literally" and a VA police officer told her that no threat had been made. *Id*. at 20-21. The appellant challenged the lack of candor charge and argued that "even" the proposing official did not believe that she knowingly denied making the statement during her VA police interview because he did not choose a charge such as "falsification of a statement." *Id*. at 21. She maintained that she was not sure if the message chain that the proposing official had received was complete, in part because she did not have a copy of the "complaint" made against her. *Id*. at 23. Finally, the appellant submitted a separate reply addressing "the personality conflict" between herself and the proposing official. *Id*. at 19, 24-27. She also attached the "complete" Facebook messenger chain at issue in the appeal. *Id*. at 29-35. The deciding official sustained the three specifications of conduct unbecoming, and the agency removed the appellant effective October 23, 2019. *Id.* at 15-18. The removal decision did not address or make any findings regarding the lack of candor charge. *Id*. at 16.

The appellant filed a Board appeal and requested a hearing. IAF, Tab 1 at 2. She alleged that, on the date on which she was placed on administrative leave, the proposing official had a "conversation" with a nonsupervisory agency employee and the employee asked the proposing official if the appellant had been fired. *Id*. at 5. The appellant alleged that the proposing official responded "yes" and stated that the appellant's problem was that, when she saw a problem, she complained to him about it. *Id.* The appellant alleged that the complaints to which the proposing official was alluding included various problems she saw in the workplace concerning inadequate cleaning supplies, other employees

receiving favorable treatment, and an individual being promoted to a supervisory position despite an alleged sexual harassment complaint under investigation. *Id.* Regarding the conduct unbecoming charge, she repeated her contention that she "already knew both of the addresses." *Id.* She also acknowledged that she had referred to the individual as "half gay or whatever," but she maintained she should not be punished for using a term used by the individual himself. *Id.* Finally, she argued that the campus police department had investigated her "going to kill him" statement and "it was decided that no threat had been made." *Id.*

The administrative judge scheduled a status conference. IAF, Tab 9. In email communications with the agency's representative regarding her unavailability to attend the conference, the appellant stated that she "was going to approach the case in a different court." *Id.* at 1. The administrative judge followed up with the appellant directly, who informed the administrative judge that "her intention was to do nothing more in this appeal" and "indicated that the Board could investigate her claims." *Id.* The administrative judge issued an order informing the parties that the Board does not investigate claims and that, if the parties wish to pursue their claims, they are required to present evidence and argument. *Id.* The administrative judge notified the appellant that she would decide the case on the documentary record and set forth a close of record date. *Id.* at 1-2. The appellant submitted two additional pleadings after the close of the record, which either repeated information in her initial appeal or only tangentially concerned her removal. IAF, Tabs 11-12.

The administrative judge issued a decision based on the written record affirming the removal. IAF, Tab 13, Initial Decision (ID) at 1, 5. The administrative judge found that the agency had proven the charges of conduct unbecoming (all specifications) and lack of candor by substantial evidence. ID at 3-4. Finally, the administrative judge found that the Board lacked the authority to mitigate the penalty of removal and that the agency's action must be affirmed. ID at 4.

The appellant has filed a petition for review, in which she repeats her argument regarding the proposing official's improper communications, raises various new arguments both related and unrelated to the charged misconduct, and submits new evidence for the first time. Petition for Review (PFR) File, Tab 1. The agency has filed a response, arguing that the appellant has presented no basis for granting her petition for review. PFR File, Tab 3 at 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly found that the agency proved its charge of conduct unbecoming.

On petition for review, the appellant argues that the administrative judge failed to ensure that the agency adhered to proper rules and protocols concerning her removal. PFR File, Tab 1 at 4. She repeats her allegation that the proposing official improperly told another employee that she had been "terminated" before the deciding official issued a decision and that the removal decision was invalid because it was not signed within 15 days of the proposed removal. *Id.*; IAF, Tab 1 at 5. The appellant also raises several arguments regarding her removal for the first time on review. She claims that the agency did not provide her with a copy of her employee or personnel file, which she "assume[s]" includes a broad range of information including her history of difficulties with the two coworkers involved in the charged misconduct and their work failures and verbal complaints she made against these and other individuals. PFR File, Tab 1 at 4. The appellant argues that the female coworker involved in the charged misconduct had been terminated but was improperly visiting VA property during the time period in which her alleged conduct unbecoming took place. *Id.* at 5. She alleges various agency wrongdoing concerning pay and benefits from the time she was placed on administrative leave until the date that her "termination paperwork was signed." *Id.* at 5-6. The bulk of the appellant's new arguments on review concern perceived errors in the agency's investigation of the underlying circumstances, including her personal issues with the proposing official and his

"inexcusable sexist attitude." *Id*. at 6-8. Finally, she submits new evidence for the first time on review, consisting of messages between herself and a coworker between July 31, 2018, and April 30, 2020. *Id*. at 10-30.

The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Pursuant to 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has made no such showing regarding the electronic messages, all but one page of which predated the close of the record on March 30, 2020. PFR File, Tab 1 at 10-30; IAF, Tab 9 at 1. Moreover, the appellant has offered no explanation as to how these messages are material to whether the agency proved the three specifications of conduct unbecoming a Federal employee. PFR File, Tab 1 at 10-30. Similarly, the appellant offers no explanation as to why she failed to previously raise her arguments regarding the insufficiency of the agency's investigation into her alleged misconduct, tangential matters involving her personal issues with the proposing official and coworkers, and procedural complaints regarding the agency's processing of her pay and benefits and failure to provide her personnel file. PFR File, Tab 1 at 4-8. Even after the appellant told the administrative judge that "her intention was to do nothing more in this appeal," the administrative judge provided the parties the opportunity to file submissions with additional evidence and argument before reaching a decision based on the written record. IAF, Tab 9 at 1. The appellant nonetheless failed to raise any of these arguments in the additional pleadings that she submitted after the close of the record. IAF, Tabs 11-12.

Having considered the appellant's arguments on review, which largely constitute mere disagreement with the administrative judge's findings, we find

that she has presented no basis for disturbing the initial decision. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). The appellant has presented no basis for disturbing the administrative judge's finding that the agency proved the three specifications of conduct unbecoming a Federal employee by substantial evidence, which is supported by the documentary record.[2] ID at 3-4; IAF, Tab 4 at 29-35, 40-41, 44-47, 50-52; *see Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010) (explaining that a charge of "conduct unbecoming" has no specific elements of proof; it is established by proving that the employee committed the acts alleged in support of the broad label).

To the extent that the appellant alleges that the proposing official violated her right to due process when he improperly told another employee that she had been "terminated" before the deciding official issued a decision, she has not alleged that the deciding official was aware of this communication or otherwise relied on new and material information as a basis for her decision sustaining the proposed removal. PFR File, Tab 1 at 4; IAF, Tab 1 at 5; *see Ward v. U.S. Postal Service*, 634, F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999). The administrative judge did not consider the appellant's untimely harmful error argument that the deciding official failed to sign the removal decision within 15 days of the issuance of the proposed removal, which she raised more than 1 month after the close of the record. ID at 4 n.2; IAF, Tab 9 at 1, Tab 12 at 3-4. The appellant repeats this argument that her removal was not valid because "it

---

[2] Substantial evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." 5 C.F.R. § 1201.4(p).

was not complete within the allotted timeframe." PFR File, Tab 1 at 4. The record demonstrates that the deciding official electronically signed the removal decision on October 25, 2019, fifteen business days[3] after the date on the proposed removal, October 3, 2019, and therefore complied with the requirements of 38 U.S.C. § 714(c)(2).[4] IAF, Tab 1 at 13, Tab 4 at 36; *see* 38 U.S.C. § 714(c)(2) (stating that the agency "shall issue a final decision with respect to a removal" taken pursuant to that section "not later than 15 business days after" the agency provides notice of the proposed action).

<u>We vacate the administrative judge's finding sustaining the lack of candor charge because the deciding official did not sustain this charge in the removal decision.</u>

The administrative judge found that the agency proved the charge of lack of candor by substantial evidence. ID at 4. Although the proposed removal included the charge of lack of candor, the removal decision did not address or make any findings regarding that charge. IAF, Tab 4 at 16-18, 36. The Board is required to review the agency's decision on an adverse action solely on the grounds invoked by the agency; the Board may not substitute what it considers to be a more adequate or proper basis. *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 333, ¶ 7 (2016). Because the deciding official did not sustain the lack of candor charge in the four corners of the removal decision and the record is devoid of any further evidence regarding the deciding official's determination, we find that the only charge at issue in the present appeal is conduct unbecoming. Therefore, we vacate the administrative judge's finding regarding the lack of candor charge. ID at 4.

---

[3] October 14, 2019 was a Federal holiday. *See Ledbetter v. Department of Veterans Affairs*, 2022 MSPB 41, ¶ 7 n.2 (excluding weekends and Federal holidays when calculating the filing deadline under 38 U.S.C. § 714(c)(4)(B)).

[4] Although the date accompanying the appellant's signature states "3 Sept '19," the proposed removal is dated October 3, 2019. IAF, Tab 4 at 38.

Remand is required for other reasons.

Although the arguments the appellant raised on review are unavailing, this case requires remand for other reasons. After the initial decision in this appeal was issued, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) decided *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290 (Fed. Cir. 2021), wherein it found that the agency erred when it applied the substantial evidence burden of proof instead of the preponderance of the evidence burden to its internal review of a disciplinary action under 38 U.S.C. § 714. In this case, the agency did the same. The record here is unclear as to what standard of proof the agency applied in this case.

The Federal Circuit's decision in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 22. The administrative judge and the parties did not have the benefit of *Rodriguez* or the Board's application of it in *Semenov* when developing the record. Therefore, we are unable to address the impact of those decisions on this appeal. Accordingly, on remand, the administrative judge shall adjudicate what standard the agency applied in its internal review of the matter, and whether the agency committed harmful error in so doing. *See id.*, ¶¶ 22-24 (finding it appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) to actions taken under 38 U.S.C. § 714).

We also remand this appeal on the issue of penalty. The appellant did not challenge the agency's removal penalty either during the pendency of her appeal or in her petition for review. PFR File, Tab 1 at 4-8; IAF, Tab 1 at 5, Tab 11 at 4, Tab 12 at 3. The administrative judge did not conduct a penalty analysis in the initial decision. ID at 4. However, the Federal Circuit has clarified that, notwithstanding the Board's lack of mitigation authority, the Board is required to review an agency's selected penalty for legal sufficiency. *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1375-79 (Fed. Cir. 2020). The Federal Circuit later explained in *Brenner v. Department of Veterans Affairs*, 990 F.3d

1313, 1323-27 (Fed. Cir. 2021) that the Board's review must include the agency's penalty determination whether the action is based on misconduct or performance. *See Semenov*, 2023 MSPB 16, ¶ 45. Finally, the Federal Circuit also found in *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1325-26 (Fed. Cir. 2021) that the agency and the Board must still apply the *Douglas* factors to the selection and review of penalties in disciplinary actions taken under 38 U.S.C. § 714. *See Semenov*, 2023 MSPB 16, ¶ 49.

Having reviewed the record, we note that the deciding official explained in the removal decision that she had taken numerous factors into account, including the seriousness of the offense, the appellant's past work record and years of service, and the existence of any extenuating circumstances which would justify the mitigation of the proposed removal penalty, but she had determined that removal was appropriate and within the range of reasonableness. IAF, Tab 4 at 16. Moreover, the appellant's record shows a prior disciplinary action for similar misconduct including a 3-day suspension for conduct unbecoming a Federal employee in January 2019, 9 months before the proposed removal at issue in the present appeal. *Id*. at 36-38, 54, 64. Nonetheless, the record is not clear as to the extent that the agency deciding official considered the *Douglas* factors. On remand, the administrative judge should permit the parties to submit additional evidence and argument on the penalty issue. *See Semenov*, 2023 MSPB 16, ¶ 50. In reviewing the penalty, the administrative judge should determine whether the agency proved by substantial evidence that it properly applied the *Douglas* factors and whether the agency's penalty selection was reasonable, and, if not, he or she should remand the appellant's removal to the agency for a new decision on the appropriate penalty. *Id.* (citing *Connor*, 8 F.4th at 1326-27; *Sayers*, 954 F.3d at 1375-76, 1379).

If remanded to the agency, the agency should be mindful of its obligations to provide the appellant with the necessary due process. *Bryant v. Department of Veterans Affairs*, 2024 MSPB 16, ¶ 13 (finding that the DVA Accountability Act

maintains due process protections for employees); *see Brenner*, 990 F.3d at 1324 (same); *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1375-77 (Fed. Cir. 1999). The administrative judge who decided this case is no longer with the Board and this case must be assigned to a new administrative judge on remand. The administrative judge shall hold a hearing limited to the issues on remand, if one is requested by the appellant. 5 U.S.C. § 7701(a)(1); *see Semenov*, 2023 MSPB 16, ¶ 24 (instructing the administrative judge to hold a supplemental hearing addressing whether the agency's use of the substantial evidence standard in a 38 U.S.C. § 714 removal decision constituted harmful error).

## ORDER

For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order. As outlined above, the administrative judge shall address what standard of proof the agency applied in its internal review of the matter and whether it committed harmful error in so doing. *See Semenov*, 2023 MSPB 16, ¶ 24. If the administrative judge determines that the agency did not commit harmful error in applying a burden of proof, then the administrative judge shall determine whether the agency proved by substantial evidence that it applied the relevant *Douglas* factors, and that the penalty was reasonable. If the administrative judge determines that the agency did not properly apply the relevant *Douglas* factors and that the agency's penalty was not reasonable, the administrative judge shall remand the appellant's removal to the agency for a new decision on the appropriate penalty. The administrative judge may, if appropriate, incorporate into the remand initial decision prior findings from the initial decision and this Remand Order. However, if any of the evidence and argument developed on remand causes the administrative judge to disagree with the previous findings

contained in the initial decision, he or she should provide an explanation in the remand initial decision.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.